IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**KELLY MCDANIEL,**

    **Plaintiff,**

v.                                                      **Case No. 5:15cv131-MW/GRJ**

**HOSPICE OF THE EMERALD
COAST, INC d/b/a EMERALD
COAST HOSPICE,**

    **Defendant.**

_____/

## ORDER ON NOTICE OF SETTLEMENT

    The complaint in this action has two claims. Count I is a state-law whistleblower claim. ECF No. 1-2. Count II is a claim for overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 ("FLSA"). *Id*. Defendant removed the action from state court. ECF No. 1. Plaintiff filed a notice stating that the parties have resolved their dispute and asking that this Court retain jurisdiction to enforce the settlement. ECF No. 13. This will not do.

    Under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), this Court must review such a settlement of an FLSA claim to determine whether it is fair and reasonable. *Id*. at 1353. The settlement of an FLSA claim is usually presented in the form of a motion for approval. In addition to the

1

pleadings, courts ordinarily review the settlement agreement and discovery materials regarding the rate and amount of pay and the hours worked. The notice of settlement here does not satisfy these conditions.

So Plaintiff may either amend her complaint to drop the FLSA claim or the parties may file a motion for approval of the settlement, in accordance with *Lynn's Food Stores* and containing enough supporting material to allow for proper review. But as it relates to the FLSA claim, the notice of settlement is not effective.

Accordingly,

**IT IS ORDERED**:

1. The parties may file a motion for approval of settlement or Plaintiff may file an amended complaint on or before January 15, 2016.//
2. All pretrial deadlines remain in place until changed by further order.

**SO ORDERED on January 8, 2016.**

s/Mark E. Walker
**United States District Judge**
