IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KELLY MCDANIEL,

    Plaintiff,

v.

                                                                                            CASE NO.: 5:15-CV-131-MW-GRJ

HOSPICE OF THE EMERALD
COAST, INC. d/b/a EMERAL
COAST HOSPICE,

    Defendant.

_____

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AGREEMENT**

Plaintiff KELLY MCDANIEL and Defendant HOSPICE OF THE EMERALD COAST, INC. d/b/a EMERAL COAST HOSPICE, by and through their undersigned counsel and pursuant to Rule 41, Federal Rules of Civil Procedure and this Court's Order on Notice on Settlement (Doc. No. 14), hereby file this Joint Motion for Approval of FLSA Settlement Agreement.  The parties file this Motion because, as more fully set forth below, the parties' settlement includes a claim brought under the Fair Labor Standards Act ("FLSA") and, therefore, the Court must review and approve the terms of the settlement related to that claim in order for it to be effective.  *See Lynn's Food Stores, Inc. v. United States of Amer.*, 679 F.2d 1350, 1353 (11th Cir. 1982).

## MEMORANDUM OF LAW

### A.    Relevant Procedural History.

Plaintiff was employed as a non-exempt registered nurse case manager. Plaintiff claims she is due from Defendant unpaid overtime for hours worked in excess of forty (40) per week and was constructively discharged for objecting to certain alleged practices she believed violated state and federal laws.  Plaintiff filed the instant lawsuit alleging unpaid minimum wage and overtime compensation under the Fair Labor Standards Act ("FLSA") and retaliation under the Florida Whistleblower's Act, Chapter 448, Florida Statutes.

Plaintiff and Defendant have successfully resolved all claims,[1] including Plaintiff's FLSA claim, but expressly contingent upon this Court's review and approval of the settlement terms attributable to Plaintiff's FLSA claim.  The parties agreed to keep the remaining terms of the settlement strictly confidential. Therefore, the FLSA Settlement Agreement and Release is attached hereto as Exhibit "A."  Defendant has agreed to pay $5,805.00 to Plaintiff to resolve Plaintiff's FLSA overtime claim and to pay an additional $2,000.00 to Plaintiff's counsel for attorneys' fees and costs attributable to the FLSA claim.

### B.    The Parties' Settlement of Plaintiff's FLSA Claim Is Fair & Reasonable.

---

[1]    Please refer to Doc. 13., Plaintiff's Notice of Resolution, as to the status of this agreement.

The Eleventh Circuit, as well as the FLSA, requires this Court approve a private settlement of an overtime or minimum wage claim arising under the FLSA. *See Lynn's Food Stores*, 679 F.2d at 1353 (district court allowed to approve back wage settlement to promote the policy of encouraging settlement of litigation). When parties bring a proposed settlement of an FLSA claim before a court, the court must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a *bona fide* dispute. *See id*. at 1354-55. If a settlement in an FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *See id*. at 1354.

The proposed settlement of Plaintiff's FLSA claim in this case is fair, just and reasonable. This case presented contested issues requiring investigation and factual development. The Parties dispute the scope of potential liability in the instant action. Nevertheless, the Parties negotiated a fair and reasonable settlement taking into account the claimed hours worked and Plaintiff's rate of compensation earned during her employment with Defendant. The agreed amount of $5,805.00 represents $2,902.50, an amount roughly equal to compensating Plaintiff for at least 5 additional hours of overtime per work week, at the half-time rate,[2] over the

---

[2] *See Torres v. Bacardi Global Brands Promotions, Inc.*, 482 F. Supp. 2d 1379 (S.D. Fla. 2007)

43-week period encompassed by her FLSA claim, plus an equal amount of liquidated damages.

Further, the matter was certainly contested, leading to counsel for both Parties to ardently negotiate their positions with the unique experience of having negotiated a previous settlement of a similar claim with the assistance of a mediator experienced in FLSA matters and settlements.  In the end, experienced counsel on both sides of this matter again deemed the settlement fair and reasonable.  *See Fresco v. Auto Data Direct, Inc.*, 2007 U.S. Dist. LEXIS 37863, at **17-18 (S.D. Fla. May 11, 2007) (finding the support of experienced counsel for settlement "weighs strongly in favor of approval").  This is a significant factor weighing in favor of the Court's approval of the settlement.

### C. Payment For Attorneys' Fees And Costs Are Reasonable.

The parties further agree Plaintiff's counsel's proposed attorneys' fees and costs in the amount of $2,000.00 are fair and reasonable based on the time and expenses Plaintiff's counsel has expended on this case since its inception, including, but not limited to, investigative work, meetings with Plaintiff, and assumption of risks and related activities. This amount was negotiated by experienced counsel.  Under the FLSA, a plaintiff may recover attorneys' fees and expenses under the statute's fee-shifting provision.  *See* 29 U.S.C. § 216(b) ("The

---

(Jordan, J.)

court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").

In negotiating fair and reasonable settlement amounts on behalf of Plaintiff, the parties agreed to attorneys' fees and costs less than the amount of the settlement paid to Plaintiff in respect to her FLSA claims.  This will assure Plaintiff receives 100% of the settlement amount attributable to her FLSA claim with no reduction due to her contingent fee agreement with her counsel. The parties agree the proposed settlement of Plaintiff's counsel's attorneys' fees and costs is fair and reasonable and should be approved.

### D. Conclusion.

The parties' settlement of Plaintiff's FLSA claim represents a fair and reasonable compromise of disputed issues under the FLSA. The parties have entered into the agreement after thorough negotiation.  Accordingly, the parties respectfully request the Court enter an order expressly approving as "fair and reasonable" the terms of the parties' settlement of Plaintiff's FLSA claim as set forth in this Motion.

WHEREFORE, the parties respectfully request the Court enter an Order approving the terms of the settlement of Plaintiff's FLSA claim.

Respectfully submitted this 29th day of January, 2016.

| MARIE A. MATTOX, P. A. | LITTLER MENDELSON, P.C. |
|---|---|
| */s/Elena Komsky* | */s/ Jeffrey B. Jones* |
| Marie A. Mattox, Esquire | Jeffrey B. Jones, Esquire |
| Florida Bar No.: 0739685 | Florida Bar No.: 0039950 |
| Email: marie@mattoxlaw.com | Email: jbjones@littler.com |
| Elena Komsky | 111 North Magnolia Ave, Ste 1250 |
| Florida Bar No.: 116000 | Orlando, Florida 32801 |
| Email: elena@mattoxlaw.com | Telephone: (407) 393-2900 |
| 310 East Bradford Road | Facsimile: (407) 393-2929 |
| Tallahassee, Florida 32303 | |
| Telephone: (850) 383-4800 | and |
| Facsimile: (850) 383-4801 | |
| | Linda Noël, Esquire |
| | Florida Bar No.: 0659606 |
| | Email: lnoel@littler.com |
| | 333 S.E. 2nd Avenue, Suite 2700 |
| | Miami, Florida 33131 |
| | Telephone: (305) 400-7500 |
| | Facsimile: (305) 603-2552 |
| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR DEFENDANT |
| KELLY MCDANIEL | HOSPICE OF EMERALD COAST d/b/a EMERALD COAST HOSPICE |

## **CERTIFICATE OF WORD COUNT**

The undersigned certifies that there are 1,236 words in this Motion and that it is 14 point font.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of January, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a copy via email to all counsel of record

>/s/  Marie A. Mattox
>Marie A. Mattox